IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SABRINA PETERSON,

      **Plaintiff,**

vs.                                                      4:08CV534-MP/AK

SECRETARY DOC, et al,

      **Defendants .**

_____/

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 5). Leave to so proceed has been granted in a separate order. (Doc. 6).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to her another civil rights complaint that Plaintiff must complete in its entirety. She does not need to file any service copies of the complaint at this time.

Plaintiff alleges that while she was incarcerated a private attorney misrepresented herself and got information to serve Plaintiff from Plaintiff's Classification Officer. She wants the lawsuit against her filed by this attorney "stopeed until March 2009," and this attorney sanctioned and fined.

A successful section 1983 action requires a plaintiff to show she was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Defendant Preddy appears to be a private attorney prosecuting a civil action and there are no facts to support that she was in any way acting under "color of state law."

Plaintiff has not alleged any wrongdoing by the Secretary of the Department of Corrections or her Classification Officer, who apparently answered some questions from this attorney. Under the present set of facts, Plaintiff should consider voluntarily dismissing her lawsuit.

In amending, Plaintiff should carefully review the foregoing to determine whether she can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, she must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first

page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting her claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend her complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for herself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **February 27, 2009.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this 6th day of February, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**